

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2008

# USA v. Coleman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Coleman" (2008). *2008 Decisions.* Paper 215.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/215

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.07-2742
_____

UNITED STATES OF AMERICA

v.

ANDRE COLEMAN,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
Criminal No. 05-cr-00295-2
(District Judge: The Honorable R. Barclay Surrick)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 27, 2008

Before: McKEE, NYGAARD and MICHEL* *Circuit Judges*

(Filed: November 19, 2008)

_____

* Honorable Paul R. Michel, Chief Judge for the United States Court of Appeals for the
Federal Circuit, sitting by designation..

**OPINION OF THE COURT**

McKEE, Circuit Judge

Andre Coleman appeals the judgment of conviction and sentence that was entered in the district court. For the reasons that follow, we will affirm.

**I.**

Because we write primarily for the parties, it is not necessary to recite the facts or history of this case except insofar as may be helpful to our brief discussion. Coleman argues that his conviction and sentence must be reversed because (1) the district court erroneously denied his motion to suppress the physical evidence, (2) the evidence was insufficient to support the jury's determination that the banks were federally insured, and (3) the sentence of 360 months was unreasonable.

The district court correctly concluded that the initial stop of Coleman's car was justified because his windows were tinted in violation of the Pennsylvania Motor Vehicle Code. 75 Pa. Cons. Stat. Ann. § 4524(e). *See*, *United States v. Bonner*, 363 F.2d 213, 216 (3d Cir. 2004). Coleman claims that the police lacked reasonable suspicion to detain him after they inspected his driver's license and vehicle registration. However, an officer may conduct further investigation where the initial lawful stop gives rise to a "reasonable, articulable suspicion of criminal activity" based on the totality of the circumstances. *United States v. Givan*, 320 F.3d 452, 458 (3d Cir. 2003) (citing *United States v. Johnson*, 285 F.3d 744, 749 (8th Cir. 2002)). Here, the police had reasonable suspicion to extend the detention. The police heard "flash information" describing a Black female wearing a pink shirt and a Black male traveling in a black Lexus sedan with tinted

windows. The officer spotted Coleman's black sedan with tinted windows just minutes after the "flash information," in proximity to the robbery scene. Upon approaching the car, police observed that the car contained a Black male driver and a Black female passenger wearing a pink shirt. Thus, they had the reasonable suspicion required for a brief detention.

Coleman relies on *United States v. Kithcart*, 134 F.3d 529 (3d Cir. 1998), in arguing that imprecise car descriptions standing alone can not justify a *Terry* stop. However, the trial court properly distinguished *Kithcart*. In *Kithcart*, we discussed whether "probable cause" existed for an arrest. The issue here is not probable cause for an arrest, but reasonable suspicion for a brief stop and investigation pursuant to *Terry.* That is a less demanding inquiry. *Bonner*, 363 F.3d at 217. We conclude that the totality of the circumstances here gave rise to the required reasonable suspicion. Accordingly, Coleman's suppression motion was properly denied.

**II.**

Coleman argues that the government failed to prove beyond a reasonable doubt that the banks were insured by the Federal Deposit Insurance Corporation. To sustain a conviction for bank robbery or attempted bank robbery under § 2113(a), the government must prove beyond a reasonable doubt that the bank's deposits were insured by the FDIC. 28 U.S.C. § 2113(a); *United States v. Spinello*, 265 F.3d 150, 155 (3d Cir. 2001) (explaining that § 2113(a) covers banks insured by the FDIC or members of the Federal Reserve). Here, the government offered testimony of officers from both PNC Bank and Univest National Bank and received the bank's current FDIC certificates into evidence. Coleman attacks the PNC Bank certificate because it lists "Pittsburgh, Pennsylvania" as the bank's location. The PNC Bank officer explained that the FDIC certificate lists the location of the bank's main office, but extends to all branches.

3

Accordingly, Coleman's jurisdictional challenge is frivolous.

## III.

Finally, Coleman argues that the sentence of 360 months was unreasonable. He argues that he was less culpable than his son, who plead guilty, testified against him, and received a sentence of 36 months in custody. Additionally, Coleman points to the Pre-Sentence Investigation Report that disclosed his tough upbringing and substance abuse problems. The sentence that the court imposed was at the bottom of the applicable guideline range.

The party challenging the sentence bears the burden of proving its unreasonableness. *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (citing *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006)). Given Coleman's status as a career offender and the serious nature of the crimes, which included robbery and attempted robbery, the district court's sentence was reasonable. This is particularly true when we consider that Coleman involved his own son in these very serious crimes rather than offering the kind of support and guidance that would have helped his son avoid a criminal career.

## IV.

For all of the above reasons, we will affirm the judgment of sentence.